UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FALCON ENTERPRISES, INC., et al.,

    Plaintiffs,

v.                                            CASE NO: 8:07-cv-201-T-23MAP

DIANE MONROE,

    Defendant.
_____/

## **ORDER**

Falcon Enterprises, Inc., and Falcon Foto, LLC ("Falcon") sue the defendant Diane Monroe ("Monroe") for copyright infringement and related claims. Falcon alleges that (1) without authorization Monroe displayed Falcon's copyrighted digital images on an Internet adult website or Internet domain (the "website") that Monroe owns and operates; (2) Monroe derived revenues from the website's membership or subscription fees, which revenues were in turn derived at least in part from Monroe's unauthorized use of Falcon's copyrighted images; and (3) after "written notice of her copyright violations," Monroe failed to remove Falcon's copyrighted images from the website and "intentionally continued to violate Falcon's copyright by unlawfully using and displaying" Falcon's copyrighted images. Following entry of default against Monroe (Doc. 30-2), the facts as alleged in the complaint are admitted as true. See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). The plaintiffs move (Doc. 32) for judgment by default and elect statutory damages under 17 U.S.C. § 504(a) and (c). Specifically, the

plaintiffs request (1) an award of $40,000 under Section 504(c)(1) for Monroe's infringement of the plaintiffs' copyright in four separate works and (2) an increase in the award to $190,000 under Section 504(c)(2) because Monroe's infringement was willful. Additionally, the plaintiffs request injunctive relief under 17 U.S.C. § 502(a) and attorneys' fees and costs under 17 U.S.C. § 505.

Instead of actual damages and the defendant's profits, a copyright owner generally may elect to recover statutory damages "in a sum of not less than $750 or more than $30,000 as the court[1] considers just" for each infringed work that was registered when the infringement occurred. 17 U.S.C. § 504(c)(1); see also 17 U.S.C. § 412. Further, "if the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

A district court has "broad discretion" in determining the amount of statutory damages to be awarded. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 850 (11th Cir. 1990). However, "the expenses defendant saved and profits defendant reaped[2] in connection with the infringements, the revenues plaintiffs lost as a

---

[1] But see Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 355 (1998) ("[T]he Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself."). Cf. Patray v. Nw. Publ'g, Inc., 931 F.Supp. 865, 870 (S.D. Ga. 1996) ("In a default case, neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages.").

[2] Of course, a copyright owner may elect statutory damages "whether or not adequate evidence exists as to the actual damages incurred by plaintiffs or the profits gained by defendants." Cable/Home Commc' Corp. v. Network Prods., Inc., 902 F.2d 829, 850 (11th Cir. 1990); see also F. W. Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 233 (1952) ("The statutory rule . . . is designed to discourage wrongful conduct. . . . Even for uninjurious and unprofitable invasions of copyright the court may, if it

(continued...)

result of defendant's conduct, and defendant's state of mind–whether willful, knowing, or merely innocent"–guide the determination of statutory damages for infringement. Dive N' Surf v. Anselowitz, 834 F. Supp. 379, 383 (M.D. Fla. 1993) (citing N.A.S. Import Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252 (2d Cir. 1992); Walt Disney v. Video 47, Inc., 972 F. Supp. 595, 603 (S.D. Fla. 1996).  Additionally, "the court should consider the purposes of the Copyright Act, including restitution to prevent unjust enrichment, reparation of injury, and deterrence of further wrongful conduct by the defendants and others."  Video 47, 972 F. Supp. at 603.

A January 7, 2008, order (Doc. 25) denies without prejudice the plaintiffs' motion for default judgment because the motion was unsupported by affidavits or other factual matter and therefore provided no basis on which to weigh the pertinent factors.[3] Additionally, the order notes that although the complaint (Doc. 1 ¶ 9) alleges that the business of Falcon Enterprises, Inc., "is to license to various publishers the rights to use Falcon Foto, LLC's copyrighted photographs for a licensing fee," the plaintiffs provided no evidence of Falcon Enterprises, Inc.'s fees for licensing Falcon's images generally or the images displayed on Monroe's website in particular.  A May 28, 2008, order

---

(...continued)
deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy.").

[3] See United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979) (statutory damages under Section 504(c) "should not have been awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts."). Morley Music Co. v. Dick Stacey's Plaza Motel, Inc., 725 F.2d 1, 3 (1st Cir.1983) ("Although there need not be the kind of hearing required if factual damages were the issue, there must . . . be either some hearing or sufficient affidavits to give the trial judge an adequate reference base for his judgment."); Nimmer on Copyright § 14.04 [B][1][a] (2007) (even if the defendant is not entitled to a jury determination on statutory damages, "the defendant should be accorded some hearing on the issue, or sufficient affidavits to give the trial judge an adequate basis for his judgment."); Broad. Music, Inc. v. Entm'nt Complex, Inc., 198 F. Supp. 2d 1291, 1295 (N.D. Ala. 2002).

(Doc. 28) denies without prejudice the plaintiffs' renewed motion for default judgment for failure to comply with the January 7, 2008, order.

The plaintiffs' amended motion for default judgment (Doc. 32) supports the damages request with the declaration (Doc. 27) of Jason Tucker, who owns Falcon Enterprises, Inc., and Falcon. Tucker states that Falcon "distributes and permits republication of Falcon Library images through a specific licensing agreement." Although Tucker declines to state the cost of the license, the declaration permits the inference that licensees pay "only a few dollars" for each image.[4] However, Tucker declares that (a) Falcon's revenues derive not only from license fees but also from provisions of the licensing agreement governing the manner of displaying Falcon's images (the "display requirements"), which result in "multi-level marketing and advertising" for Falcon and additional revenues (e.g., as a result of links to Falcon-owned web sites), (b) displaying the Falcon images without complying with the display requirements reduces the images' value, and (c) Monroe displayed the Falcon images without either paying the licensing fees or complying with the display requirements. Additionally, Tucker estimates that (Doc. 27 ¶ 31) Falcon "would [typically] realize no less than $10,000 in direct revenue and license fees per set of Copyrighted images" (meaning, apparently, per copyrighted collection of images) annually if the images are properly licensed and displayed and (Doc. 27 ¶ 33) "Falcon lost, due to Monroe's unlawful acts, no less than $40,000 in

---

[4] See Doc. 27 ¶ 14 ("It is the required links to Falcon Web sites that make the licensing of Falcon images so valuable, even though the actual cost of a particular image may be only a few dollars.")

direct revenue over the 12-18 months[5] that she was unlawfully displaying stolen Falcon images." However, Tucker provides no further support for the estimate. Additionally, although the estimate evidently presupposes that Monroe displayed each "set of Copyrighted images" in its entirety, the complaint alleges[6] that Monroe displayed "at least 13" images contained in four (or perhaps five[7]) copyrighted collections, which collections plainly included many more images. Although the plaintiffs believe that Monroe committed other violations, the plaintiffs "could not find others." In short, Tucker's estimate is imperfectly supported and appears somewhat inflated.

The motion (Doc. 32) is **GRANTED IN PART** as follows. Monroe shall pay the defendants statutory damages in the amount of $10,000 ($2,500 each for four registered works infringed) plus an additional $10,000 for Monroe's willful infringement and $350.00 for costs. The Clerk is directed to enter judgment in favor of the plaintiffs and against the defendant in the amount of $20,000 in statutory damages and $350.00 in costs.

Additionally, Monroe is permanently enjoined from directly or indirectly infringing the plaintiffs' rights under federal or state law in the following copyrights (a) VAU 702-

---

[5] But see Doc. 27 ¶ 27 ("Falcon's investigation indicates that Ms. Monroe committed her unlawful acts for no less than 18 months.").

[6] See Doc. 32 at 2 ("Falcon's Complaint contains allegations that at least 13 separate copyright images were infringed by Monroe an unknown number of times on her Web site . . . . Falcon's Complaint also states that the infringed images were contained in four derivative works that were copyrighted under four separate and distinct copyrights . . . .").

[7] The plaintiffs' motion (Doc. 32 at 2) states that the plaintiffs seek statutory damages for the defendant's infringement of "four . . . works that were copyrighted under four separate and distinct copyrights, copies of which are attached to the Complaint as Exhibits A through C" (emphasis added). However, the exhibits contain three copyright registration certificates and two copyright registration applications, and the motion cites paragraphs of the complaint apparently stating that the defendant infringed five copyrighted works.

776, (b) VA 1-307-928, (c) VAU 702-768, (d) VA 1-777-310; (e) MSX-108 and any other digital image, whether now in existence or later created, that is owned or controlled by the plaintiffs (or any parent, subsidiary, or affiliate of the plaintiffs) including without limitation by using the Internet or any online media distribution system to reproduce any of the plaintiffs' digital images, to distribute any of the plaintiffs' digital images, or to make any of the plaintiffs' digital images available for distribution to the public, except pursuant to a lawful license or with the express authority fo the plaintiffs.  The defendant shall destroy any copy of the plaintiffs' digital images in the defendant's possession, custody, or control.

The Clerk is directed to (a) send a copy of the judgment and this order to the defendant at 5510 Thonotasassa Rd., Plant City, FL  33565 and 11623 Roundtable Way, Thonotosassa, FL  33592, (b) terminate any pending motion, and (c) close the case.

ORDERED in Tampa, Florida, on September 5, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE